IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL BELL, #1983875, ) | |
|        Petitioner, ) | |
| vs. ) | No. 3:21-CV-3151-L (BH) |
| ) | |
| BOBBY LUMPKIN, ) | |
|        Respondent. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The petitioner's "Motion for Relief from the Judgment or Order Pursuat [sic] to : Federal Rules of Civil Procedure Rule 60(b)(4)," which expressly invoked 28 U.S.C. § 2254, was received and opened as a new habeas case on December 16, 2021. (*See* doc. 3.) By *Notice of Deficiency and Order* dated December 23, 2021, the petitioner was notified that if he intended to file a federal petition for writ of habeas corpus under § 2254, he had not filed it on the appropriate form and paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Attached to the order were copies of the § 2254 habeas petition form and an IFP application. (*See id.*)  The order specifically advised the petitioner that he must file his § 2254 petition on the appropriate form and either pay the filing fee or file an IFP application within 30 days, and that a failure to do so could result in the dismissal of his case. *Id.*  On January 11, 2022, correspondence was received from the petitioner requesting return of his original documents, which he contended were unfinished and needed in order to file the proper paperwork.  (*See* doc. 5.)  Well more than 30

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

days from the date of the notice and order have passed, and from the date of the petitioner's correspondence, but he has not filed his § 2254 habeas petition on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that he file his § 2254 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. Since his request for his original documents in January 2022, he has not filed anything else in the case. Because the petitioner failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner files his § 2254 habeas petition on the appropriate form and either pays the filing fee or files an IFP application within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 28th day of March, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3